IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MILTON GILBERT, | : | |
| Plaintiff, | : | |
| vs. | : | 5:06-CV-51 (CAR) |
| AMERICAN STANDARD, INC., | : | |
| Defendant. | : | |

**ORDER**

On February 10, 2006, Plaintiff Milton Gilbert ("Gilbert"), proceeding *pro se*, filed the instant action against Defendant American Standard ("American Standard"). Gilbert alleges American Standard violated Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Family Medical Leave Act ("FMLA") by denying him access to benefit forms. (Compl., doc. 1.)

Roughly six months into discovery, American Standard filed a Motion to Compel (doc. 13) the production of certain documents and interrogatories. The Court held a discovery hearing on March 28, 2007 to address American Standard's motion and to inform Gilbert of his obligations under the Federal Rules of Civil Procedure ("FRCP"). During this hearing, the Court heard arguments from both sides on American Standard's motion and gave lengthy instructions to Gilbert about his duties as a *pro se* litigant under the FRCP. Following the parties' arguments, the Court ordered Gilbert to respond to American Standard's discovery requests by April 9, 2007, and

1

gave Gilbert the opportunity to ask questions about the Court's order or his discovery obligations (or both).

To date, Gilbert has ignored the Court's order to provide American Standard with the documents and interrogatories responses requested during discovery.[1] (Disc. Hr'g Min. Entry, doc. 18, at 1.) When Gilbert failed to respond to American Standard's discovery requests by the April 9 deadline, the Court ordered Gilbert to appear at a show-cause hearing scheduled for April 25, 2007 and explain his noncompliance with the Court's order. After Gilbert again disregarded the Court's order by failing to appear at the April 25 hearing, the Court scheduled a second show-cause hearing for May 8, 2007.

On May 8, 2007, the Court held a second show-cause hearing in this case. The purpose of this show-cause hearing was for Gilbert to explain: (1) his failure to comply with the Court's previous order requiring him to provide American Standard with the information requested during discovery; and (2) his failure to appear at the initial show-cause hearing scheduled for April 25, 2007. (*See* Disc. Hr'g Min. Entry, doc. 18, at 1; Orders, doc.'s 19, 21.)

Though Gilbert offered various explanations for his failure to abide by the Court's orders, none of those reasons excuse his noncompliance.[2] During the May 8 hearing, the Court asked

---

[1] Counsel for American Standard contends—and Gilbert does not dispute—that Gilbert has not produced any of the documents requested during discovery. Moreover, though Gilbert apparently attempted to supplement his interrogatory responses at one point, this limited supplementation was inadequate. For example, when asked about his work history, Gilbert listed only his most recent job because he did not believe information relating to his previous jobs was relevant.

[2] Gilbert claims he did not appear before the Court on April 25, 2007 because he did not receive notice of the hearing. Gilbert offers no evidence to support this contention, however. Court personnel

American Standard to outline the deficiencies in Gilbert's document production and interrogatory responses. The Court then gave Gilbert the opportunity to address each of the issues American Standard raised. After this exchange, the Court made specific oral findings regarding the reasonableness of every discovery request made by American Standard. While the Court will not, in this Order, restate the specific findings made during the hearing, the Court hereby adopts and incorporates those findings and other observations made from the bench into this Order. Suffice it to say, the record clearly demonstrates that American Standard's discovery requests were reasonable and customary for cases arising under the ADA, FMLA, and Title VII.

Though the Court is mindful of Gilbert's *pro se* status, he is, as is any other party, still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Specifically, Rule 37 provides for sanctions for misconduct and for failure to comply with a court's discovery order(s). *See id.* "If a *pro se* litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant." *Id.* Courts can—and have—imposed costs and monetary sanctions on *pro se* litigants. *Id.*

Based on the foregoing, the Court finds that Gilbert's failure to comply with the Court's orders directing him to appear at the April 25 hearing and to produce the documents requested

---

properly addressed, stamped, and mailed notice of the hearing to the address provided by Gilbert—the same address at which Gilbert indisputably received notice of the March 28 and May 8 hearings.

With respect to his continued failure to produce any of the documents requested by American Standard, Gilbert states simply that he thought the Court wanted him to focus on supplementing his interrogatory responses. How Gilbert formulated this impression is unclear; what is clear, however, is that Gilbert has not yet complied with the Court's order of March 28 directing Gilbert to produce the documents requested and to supplement his interrogatory responses.

by American Standard constitutes a Rule 37(b) violation for which the assessment of reasonable attorneys' fees caused by the failure is a proper sanction. To that end, the Court hereby awards American Standard the reasonable attorneys' fees associated with its: (1) preparation for the show-cause hearings held on April 25, 2007 and May 7, 2007; (2) travel time for these hearings; and (3) time spent in court during the hearings. American Standard's counsel shall provide the Court with a detailed statement itemizing the number of hours expended on the foregoing matters and the reasonable rate(s) charged for these services. Once American Standard provides the Court with this information, the Court will inform Gilbert of the award amount and will set a deadline for payment. Gilbert's failure to timely pay American Standard's attorneys' fees may result in the Court's dismissal—with prejudice—of his case.

In addition, the Court **ORDERS** Gilbert to produce the documents requested and to cure his otherwise deficient discovery responses **on or before May 29, 2007**.

SO ORDERED, this 10th day of May, 2007.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

JAB/ehe