IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MILTON GILBERT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | 5:06-CV-51 (CAR) |
| | : | |
| AMERICAN STANDARD, INC., | : | |
| | : | |
| Defendant. | : | |

## ORDER FOR PAYMENT OF ATTORNEY'S FEES

This matter is presently before the Court for a determination of the proper amount of sanctions to be awarded against Plaintiff Milton Gilbert ("Gilbert"). In an Order dated May 10, 2007 (doc. 23), the Court found that Gilbert should be sanctioned, pursuant to Rule 37(b), for his failure to comply with two court orders that required him to: (1) appear at a show cause hearing on April 25, 2007 (doc. 19) and (2) produce the documents requested by Defendant American Standard, Inc. ("American Standard") during discovery (doc. 18). The Court then directed American Standard to submit a detailed itemization of the reasonable attorneys' fees and expenses incurred as a result of Gilbert's failure to comply with the Court's orders. (Order, doc. 23, at 4.) In response to the Court's direction, American Standard submitted its Itemized Statement of Reasonable Attorney's Fees (doc. 24) on May 14, 2007.

1

Rule 37(b) authorizes a district court to require a party who fails to comply with the court's orders to pay "the reasonable expenses, including attorney's fees, caused by the failure . . . ." Fed. R. Civ. P. 37(b). Having already found that Gilbert should be sanctioned, the Court turns to the amount of the sanctions to be awarded. American Standard seeks reimbursement for the work of one attorney, Chandra C. Davis, in the amount of $4,984.00. (Def.'s Stmt. Atty's Fees, doc. 24, at 1-2.) This amount represents the total amount of time Davis spent drafting and filing a Motion to Compel (doc. 13), preparing for the show-cause hearings held on April 25, 2007 and May 7, 2007, appearing at the hearings, as well as her travel time to and from the hearings. Davis billed a total of 17.8 hours on the matters in question; her hourly rate is $280.00 per hour.

In the May 10 Order, the Court awarded American Standard "the reasonable attorneys' fees associated with its: (1) preparation for the show cause hearings held on April 25, 2007 and May 7, 2007; (2) travel time for these hearings; and (3) time spent in court during the hearings." (Order 4.) After reviewing Davis's itemized statement, the Court finds that Davis spent a total of 8.1 hours on the foregoing matters.[1] Though the Court accepts the number of hours billed as reasonable for a case like this one, the Court

---

[1] Davis also spent 9.7 hours researching, drafting, and filing its Motion to Compel (doc. 13) Gilbert's response to certain discovery requests. (Def.'s Stmt. Atty's Fees, doc. 24, at 1-2.) The Court did not include these hours when calculating the award of attorney's fees, however, because the attorney's fees to be awarded relate strictly to the time Davis spent on the show-cause hearings. (*See* Order, doc. 23, at 4.)

finds that Davis's hourly rate exceeds the rate typically charged by associates in this District. Thus, the Court will reduce Davis's hourly rate to $160.00 per hour, which is the prevailing market rate for associates handling Title VII cases filed in the Middle District of Georgia. This reduction results in a total award of $1,296.00.[2] The Court reiterates that the imposition of sanctions is appropriate and necessary because Gilbert's noncompliance with the Court's orders wasted the Court's time and Davis's time on multiple occasions. The Court also notes that it could have imposed sanctions at the higher hourly rate sought by American Standard.

Accordingly, the Court **ORDERS** as follows:

(1) American Standard shall recover from Gilbert its fees and expenses in the amount of **$1,296.00**.

(2) Gilbert shall pay the full sum on or before **July 16, 2007**.

(3) American Standard shall inform the Court of the receipt or non-receipt of the full amount by **July 18, 2007**.

(4) Gilbert's failure to timely pay the full amount by July 16, 2007 may result in the Court's dismissal—with prejudice—of his case, or the imposition of other sanction(s) deemed appropriate by the Court.

---

[2] The award amount was calculated as follows: 8.1 hours * $160.00/hour = $1,296.00.

SO ORDERED, this 4th day of June, 2007.


                                S/ C. Ashley Royal
                                C. ASHLEY ROYAL, JUDGE
                                UNITED STATES DISTRICT COURT

JAB/ehe